CITED *in State* v. *Northrup,* 3 *Harr.* 272–273 ; *State* v. *Van Buskirk,* 1 *Zab.* 89.

WILLIAM SHANGLE, FREDERICK H. SHANGLE AND HENRY RUNYON v. JOHN RUNK.

In Error to Common Pleas of Somerset.

The process being against defendants as executors; the declaration against

them in their individual capacity—and the evidence on the trial being entirely against them as executors, constitute such a variance as is fatal to the plaintiff's recovery in the suit.

*Hartwell* for plaintiff in error.

*W. Thompson* for defendant.

NEVIUS, J. The declaration in this case, contains two counts, the first charges that the defendants (who are the plaintiffs in error) executors of Frederick Shangle, dec., were summoned &c., and complains that on the 20th of Sept., 1836, "they the said defendants" were indebted &c. to the plaintiff for meat, drink and other necessaries found and provided for one Jack, a slave and property of the defendants, at their request, and in consideration thereof, "they the said defendants," undertook and promised &c.

· The second count alleges that, "the said defendants," were indebted &c. for meat, drink and other necessaries found &c. for "the said defendants and at their special request, and that they promised to pay &c."

The defendants in their individual capacity, pleaded the general issue.

The cause was tried at the Somerset Circuit, in June Term, 1837, and a verdict rendered for the plaintiff, for $176 79.

The first error assigned by the plaintiffs in error, for reversal, is "that the declaration is insufficient in law to maintain the action." The process by which the defendants were brought into court, is not before us, therefore it does not appear whether they were· prosecuted in their individual or representative capacity. From the declaration and evidence as presented in the state of the case, it is presumed the defendants were named in the process as executors. The evidence shows the claim, if any, to be against them in their representative character, whilst both counts charge them in their individual character. It is true they are named executors, in the commencement, but no where else in the declaration, nor is there any cause of action set out showing that they are chargeable as executors. The slave for whom the provision was found, is declared to be the *property* of the defendants, whilst the evidence was introduced to prove the property

in Frederick Shangle the testator. The term executors as used in the declaration, can be construed in no other way than as mere description. If the process was special, the plaintiff having declared against the defendants generally, and if he has maintained his action against them, as laid in his declaration, would be entitled to a general judgment, to be levied *de bonis propriis*, constitutes such a variance, as will be fatal to the judgment. But the evidence proves no individual liability on the part of the defendants. If liable at all, they are so as the executors of Frederick Shangle the testator, and if the claim had been distinctly made against them in that character, would have been entitled to the plea of *plene administravit*, and the judgment must necessarily have been *de bonis testatoris*. But this declaration considered apart from the process and evidence, is defective upon its face. For admit that the term executors, is used as descriptive merely, it would be entirely useless here, and in the language of Chief Justice Ewing, in the case of *Sibbit* v. *Lloyd*, 6 *Halsted*, 163, calculated to deceive. According to the authority of that case, this declaration would be bad on demurrer, and is not aided by the verdict. This then being a fatal error, it is unnecessary to look into the other errors assigned. I am of opinion that the judgment in this case, for this error, be reversed.

HORNBLOWER, C. J., and FORD, WHITE and DAYTON, Justices, concurred.

*Judgment reversed.*